UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JORGE ALBERTO MARTINEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | MISC. ACTION NO. 7:10-MC-20 |
| | § | |
| ALL CHAPTERS OF VIOLATIONS, | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION

Plaintiff, Jorge Alberto Martinez, proceeding *pro se* filed an *in forma pauperis* ("IFP") application seeking to proceed without prepayment of filing fees. (Dkt. No. 1). Plaintiff's complaint requests a "total recall" naming "all chapters of violations mentioning me directly and/or indirectly from civil, civic, religious and military since according to archives miscellaneous M-08-mc-35 and civil M-05-082 discover and inspect and mentioning of other writs in different languages in supreme courts" as defendant. (Dkt. No. 2). Plaintiff filed a motion titled "dismissal", but it contains allegations that dispute voluntariness. (Dkt. No. 3).

This matter has been referred to the undersigned magistrate judge for review pursuant to 28 U.S.C. § 636. After careful review of Plaintiff's complaint, IFP application, and applicable law, the undersigned recommends IFP status be **DENIED,** and the complaint be **DISMISSED with prejudice** as frivolous pursuant to 28 U.S.C § 1915(e)(2)(B).

### I.   BACKGROUND

Plaintiff's allegations and requested relief are hard to make out. (Dkt. No. 2). Plaintiff initiated this suit by requesting a "total recall of according to all I have mentioned in all my writings." *Id.* at 1. Plaintiff also states, "release me from all erroneous binary codes of fault after

1

my total recall." *Id.* Four years after Plaintiff's initial filing, he submitted a new filing titled "Dismissal." (Dkt. No. 3 at 2). This document contained the following allegations:

> "I was controlled like a robot to write this document with microbe microphones in my ears nose mouth throat and soyeniers. McAllen police controlled me like a robot to make me enemys so I would not lawsuit the sheriffs department so I would have enemys. P.S. Note: I am blonde English American I was kidnapped and colored brunette. P.P.S. Note: I have a false…false set accusations that is why the police and sheriffs dragged me through 27 false jails 2 false prisons 32 false asylums that is why they hated me because they thought I was a rapist and controlled me like a robot to write Mexico to make me enemys."[1] (Dkt. No. 3 at 2).

In this filing, Plaintiff requested the court read documents filed in a different case. *Id.* Case number 7:05-cv-00082, another lawsuit initiated by Plaintiff, was dismissed in 2008. (Civ. Dkt. No. 7:05-cv-00082, Dkt. No. 90). Although the case was dismissed, Plaintiff filed another document in 2015. (Dkt. No. 138). In that filing, Plaintiff wrote: "I do not want to sell Texas to Mexico" and "I was controlled like a robot." *Id.* at 1. Plaintiff also requested the court find his mother and stated, "the kidnappers think king of England…is a son of the kidnapper" and "I was kidnapped kidnappers kept my trillions so did imposters." *Id.*

## II.   LAW AND ANALYSIS

At the onset, to proceed without prepaying filing fees, an applicant must demonstrate he is financially "unable to pay such fees." 28 U.S.C. § 1915(a). Thus, IFP status should only be granted if it reasonably appears the cost of filing would be beyond the plaintiff's means. Further, when a Plaintiff attempts to proceed IFP, his complaint is reviewed under 28 U.S.C. § 1915(e)(2)(B). This provision requires the court dismiss the case at any time if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary

---

[1] In the interest of clarity, all the quotes have not been edited nor grammatically corrected, to avoid an excess of brackets.

relief against an immune defendant. *Id.* Plaintiff's complaint may also be dismissed if the allegation of poverty is untrue. 28 U.S.C. § 1915(e)(2)(A).

A complaint is frivolous when it lacks "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law if it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint lacks an arguable basis in fact if it relies on "fantastic or delusional scenarios." *Id.* at 327-28. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). And although pleadings by *pro se* Plaintiffs are construed liberally, the court need not construe causes of action where none exist. *Smith v. CVS Caremark Corp.*, No. 3:13-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013).

Plaintiff's case fails. First, the relief requested, and the defendant sued are unclear. The court cannot understand what it is Plaintiff wants or from whom. Second, any claims Plaintiff presents fall squarely within the realm of "fantastical allegations" and are frivolous. *Neitzke*, 490 U.S. at 325. Plaintiff's claims center around allegations that he is being controlled "like a robot" by the McAllen police department. Plaintiff does not present any logical set of facts that support a claim for relief. He simply presents fantastic allegations which are fanciful and delusional in nature. Because Plaintiff's claims are frivolous, an opportunity to amend is not warranted. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999). Under these circumstances, dismissal is appropriate.

### III. CONCLUSION

After careful review of the record and relevant law, the undersigned recommends Plaintiff's *in forma pauperis* application be **DENIED**, and this action be summarily **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B).

*Notice to the Parties*

Within 14 days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file written objections to the proposed findings and recommendations contained in this report within 14 days after service shall bar an aggrieved party from *de novo* review by the District Court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.

The Clerk shall send a copy of this Order to Plaintiff.

**SIGNED** at McAllen, Texas, this the 3rd day of October, 2024.

_____
Nadia S. Medrano
United States Magistrate Judge